UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

DWAYNE C. VAUGHN,                  :
                                    :
    Plaintiff,                      : CIVIL NO. 3:11-CV-1622
                                    :
v.                                  : (Judge Kosik)
                                    :
WARDEN BLEDSOE, et al.,             :
                                    :
    Defendants                      :

**MEMORANDUM**

Dwayne C. Vaughn ("Vaughn"), an inmate confined at the United States Penitentiary at Lewisburg, Pennsylvania ("USP Lewisburg"), initiated the above civil rights action pro se on August 30, 2011. The document filed by Vaughn to initiate this action consisted of two (2) civil rights complaint forms, a seven (7) page letter to the Court in which he sets forth factual details of his claims, a two (2) page letter to the Clerk of Court identifying Defendants, and voluminous exhibits.[1] (Doc. 1.)

After screening Vaughn's original pleading pursuant to 28 U.S.C. § 1915, we determined that it contained deficiencies that precluded service, and therefore, by memorandum and order dated October 7, 2011, we directed Vaughn to file an amended complaint within twenty-one (21) days. (Doc. 8.)

---

[1] Vaughn's exhibits consist of copies of administrative remedies and responses; correspondence from Vaughn to BOP officials; and correspondence to Vaughn from the Public Defender Service for the District of Columbia. (Doc. 1 at 16-73.)

On October 17, 2011, Vaughn filed a document which he labeled as an "amended complaint." (Doc. 9.) Although the first portion of this document was prepared on the prisoner civil rights complaint form that was provided to Vaughn by the Court along with our October 7 order, he has used the form only to provide details of his previous lawsuits, to describe his exhaustion of administrative remedies, to name Defendants, and to state his request for relief. (See id. at 1-4.) Vaughn does not provide any statement of the facts of his case in the Statement of Claim section of the form as directed by the instructions in that section. (See id. at 2-3 § IV.) Instead, Vaughn uses that space to identify individuals he apparently seeks to name as Defendants.[2] (See id.)

The more fatal flaw with Vaughn's filing, however, is the fact that, in complete disregard of our instruction in our October 7 memorandum that, "[u]nder no circumstances should Vaughn's claims and supporting facts be set forth in correspondence directed to the Court" (see Doc. 8 at 8-9), he has in fact attached a letter to the form complaint which is directed to the Court and in which he provides details of sixteen (16) separate "complaints." (See Doc. 9 at 5-19.) While the Court

---

[2]It is not clear that this list of individuals in the Statement of Claim section constitutes the complete list of Defendants Vaughn seeks to name because in his attached letter in which he provides details concerning his sixteen (16) "complaints," Vaughn alleges facts concerning various other individuals who are not listed in his form complaint.

2

appreciates Vaughn's attempt to separate his "complaints" into distinct paragraphs as is required by Federal Rule of Civil Procedure 10(b), his letter violates both Federal Rule of Civil Procedure 3, which provides that "a civil action is commenced by filing a complaint with the court," and Federal Rule of Civil Procedure 8(a)(2), which requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Vaughn's letter neither is a complaint nor does it provide a "short and plain statement" of his claims.

Accordingly, we shall direct the Clerk of Court to strike Vaughn's amended complaint as an improperly filed pleading, and instruct Vaughn within twenty-one (21) days to file an amended complaint in accordance with our October 7, 2011 memorandum and order. (Doc. 8.) Once again, we strongly advise Vaughn to consider utilizing the prisoner civil rights complaint form to prepare any amended complaint he may choose to file and in doing so, to follow the instructions in each section of the form. Because neither the complaint (Doc. 1) nor the "amended complaint" (Doc. 9) constitute a complaint that could properly initiate a civil action, in the event that Vaughn fails to file an amended complaint that complies with our instructions in our October 7 memorandum within the required time, this action will be dismissed without prejudice.[3] An appropriate order follows.

---

[3]Notwithstanding the fact that Vaughn's filing does not constitute a proper
(continued...)

3

---

[3](...continued)
amended complaint, and therefore cannot be adequately screened under 28 U.S.C. § 1915, we observe that it includes details of events that occurred *after* this action was commenced on August 30, 2011, specifically on September 5, 2011(see Doc. 9 at 14-15), September 19, 2011 (see id. at 15-16), and on September 28, 2011 (see id. at 18).

    In preparing any amended complaint he may choose to file, Vaughn is reminded that the Prison Litigation Reform Act ("PLRA") requires inmates to present their claims through an administrative grievance process *before* filing suit in federal court. Specifically, section 1997e(a) of Title 42 of the United States Code provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." This "exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002). "'[I]t is beyond the power of this court- or any other- to excuse compliance with the exhaustion requirement, whether on the ground of futility, inadequacy or any other basis.'" Nyhuis v. Reno, 204 F.3d 65, 73 (3d Cir. 2000) (quoting Beeson v. Fishkill Corr. Facility, 28 F. Supp. 2d 884, 894-95 (S.D.N.Y. 1998) (citing Weinberger v. Salfi, 422 U.S. 749, 766 (1975)).

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

DWAYNE C. VAUGHN, :
:
      Plaintiff, : CIVIL NO. 3:11-CV-1622
:
v. : (Judge Kosik)
:
WARDEN BLEDSOE, et al., :
:
      Defendants :

**ORDER**

NOW, THIS 21st DAY OF NOVEMBER, 2011, IT IS HEREBY **ORDERED THAT:**

1. The Clerk of Court shall **STRIKE** the "amended complaint" (Doc. 9) from the docket as an improperly filed pleading.

2. Within **twenty-one (21) days** from the date of this order, Plaintiff shall file an amended complaint in accordance with the Court's October 7, 2011 memorandum and order (Doc. 8). The amended complaint shall carry the same docket number (Civil No. 3:11-CV-1622) presently assigned to this matter.

3. Along with a copy of this order, the Clerk of Court shall mail to Plaintiff:
   a) one (1) prisoner civil rights complaint form for his use in filing an amended complaint; and
   b) a copy of our October 7, 2011 memorandum and order (Doc. 8).

4. If Plaintiff fails to file an amended complaint that complies with our instructions in our October 7, 2011 memorandum and order within the required time, this action will be dismissed without prejudice.

                                                                         EDWIN M. KOSIK
                                                                         United States District Judge